TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
GREGORY W. STAPLES (Cal. Bar No. 155505)
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
BRADLEY E. MARRETT (Cal. Bar No. 288079)
Assistant United States Attorneys
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535/3505
    Facsimile: (714) 338-3708/3561
    E-mail:   greg.staples@usdoj.gov
              benjamin.lichtman@usdoj.gov
              bradley.marrett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 16-00076-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT CHRISTINA CADENA |
| v. | |
| CHRISTINA CADENA, | Date: October 4, 2021<br>Time: 10:30 a.m. |
| Defendant. | |

The government submits its sentencing position for defendant Christina Cadena.

Dated: September 20, 2021      /s/_____
                                      GREGORY W. STAPLES
                                      BENJAMIN D. LICHTMAN
                                      BRADLEY E. MARRETT
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**I.  INTRODUCTION**

The government has no objections to the findings in the PSR. For the reasons discussed below, the government recommends a sentence of 18 months of imprisonment, three years of supervised release, a fine of $15,000, and a $100 special assessment. The government believes restitution is impractical in this case and therefore does not recommend an order for restitution.

**II.  BACKGROUND**

On July 30, 2018, defendant pleaded guilty to Count Twenty of the Indictment, charging her with mail fraud, in violation of 18 U.S.C. § 1341.

During the time period corresponding to her count of conviction, defendant operated a telemarketing business under the name Warehouse Service Center ("WSC") in San Diego. WSC sold toner for printers and copiers by cold-calling businesses across the United States. During the sales calls, prospective customers were led to believe they were speaking with their normal supplier of toner, and that there had been a price increase for toner, but if an order was placed that day, the lower price could be locked in. (Plea Agreement, ¶ 15.) WSC was not the prospective customers' regular supplier of toner, and the claimed price increase was not true. (Id.) In her capacity as president of WSC, defendant signed a service agreement with IDC Servco in July 2000, according to which IDC provided shipping and fulfillment services for WSC. (PSR ¶ 73.)

//
//

**III. GUIDELINES CALCULATIONS**

The government calculates the Sentencing Guidelines as follows:

Base offense level:     7        U.S.S.G. § 2B1.1(a)

More than 10 victims:   +2       U.S.S.G. § 2B1.1(b)(2)(A)

It is not possible to precisely determine loss in this case, which spanned decades and involved thousands of victims. It is for this reason the government does not believe restitution is practical in this case. However, in accordance with the PSR and the plea agreement, the government urges the Court to apply a 16-level loss adjustment corresponding to a loss of $3,469,536.
(PSR ¶ 85.) After a three-level reduction for acceptance of responsibility, which the government recommends, this would yield an offense level of 22, prior to any downward departure for defendant's substantial assistance.

Probation has determined that defendant is in criminal history category I. (PSR ¶ 102.) The government has no objection to Probation's calculation of defendant's criminal history. The resulting sentencing range for an offense level 22 and criminal history category I is 41-51 months. (PSR ¶ 155.)

Defendant is subject to an additional five years in prison because the crime involved telemarketing. 18 U.S.C. § 2326. However, for the reasons discussed below, the government believes a sentence of 18 months satisfies the sentencing goals of 18 U.S.C. § 3353, taking into account defendant's substantial assistance to the government.

**IV.	GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE**

A.	<u>Defendant's Substantial Assistance Warrants a Four-Level Downward Departure</u>

Pursuant to U.S.S.G. § 5K1.1, upon motion of the government, the Court may depart from a guideline sentence to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1(a) enumerates five factors that the Court may consider to determine the appropriate offense level reduction where a defendant provides such assistance. The government believes defendant has satisfied the criteria set forth in the guidelines, and, in recognition of that substantial assistance, moves for a downward departure of four levels.

Defendant's cooperation was timely. Defendant entered into a cooperation plea agreement with the government on April 17, 2018. Defendant proffered with the government on multiple occasions and provided information on the operation of the fraud scheme at issue in this case. The government found defendant's information to be truthful and accurate. Although the government chose not to call defendant as a witness at trial, defendant communicated to the government her willingness to testify at trial.

In sum, defendant's cooperation was useful and timely, and the information she provided contributed to the guilty verdicts against the defendants who proceeded to trial in this case. Accordingly, the government recommends a four-level departure under Section 5K1.1.

**V.	GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on a pre-departure guidelines range of 41-51 months, Probation recommends a sentence of 18 months, which is equivalent to

3

a seven-level downward variance. The USPO makes its variance recommendation based on defendant's health issues in combination with her efforts toward rehabilitation. (ECF 1342, Rec. Ltr., at 6.)

If the Court grants the government's requested four-level downward departure for substantial assistance, it would result in an offense level of 18, with an advisory guidelines range of 27-33 months. The government agrees that some downward variance is appropriate for the reasons cited by Probation. The government recommends that the Court impose a low-end sentence of 18 months, which is equivalent to a three-level downward variance from a post-departure offense level of 18.

The USPO finds that defendant is able to pay a fine and recommends a fine of $15,000. (PSR ¶ 151, Rec. Ltr. at 1, 7.) The government defers to the USPO's finding and recommended fine.

The government submits that its recommended sentence is sufficient, but not greater than necessary, to address the offense taking into account all the factors the Court must consider under 18 U.S.C. § 3553(a), including defendant's offense conduct, her health issues, her educational history, and her efforts toward rehabilitation. (PSR ¶¶ 116, 119, 134-137.)

**VI. CONCLUSION**

Based on the foregoing, the government recommends that this Court sentence defendant to a low-end sentence of 18 months, a three-year term of supervised release with the terms and conditions recommended by the USPO, a fine of $15,000, and a $100 special assessment.